JOHN MURDELL STEPHENS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stephens v. Commissioner
Docket No. 16422-91
United States Tax Court
T.C. Memo 1993-173; 1993 Tax Ct. Memo LEXIS 172; 65 T.C.M. (CCH) 2450; April 19, 1993, Filed *172 John Murdell Stephens, pro se. For respondent: Valerie N. Larson. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for tax year 1987 in the amount of $ 1,117 and an addition to tax under section 6651(a) in the amount of $ 279.25. The issues for decision are: (1) Whether petitioner is entitled to a charitable deduction in the amount of $ 5,000, and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely Federal income tax return. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Huntington Beach, California, when he filed his petition. Petitioner is a research process engineer for McDonnell Douglas Corp. He is also a musician and composer of religious music. In 1987, he founded *173 a business called Aural Harmonics, through which he intends to sell music which he has composed with the aid of a computer as well as recordings made by himself and other musicians. Petitioner reported no income from Aural Harmonics for 1987. He deducted losses in the amount of $ 14,357. For 1987, petitioner deducted $ 5,000 as a contribution to My Father's Son. Petitioner is the founder and sole participant in this alleged organization. Through My Father's Son, petitioner provides sound services and musical performances to several religious groups with which he is affiliated: Calvary Chapel of Costa Mesa, Calvary Chapel of Santa Ana, and Adat HaMashiach, the Jewish Gentile Fellowship of Calvary Chapel. Petitioner works under the name of My Father's Son to accomplish two purposes: he sets portions of the Bible to music, and he provides sound amplification and musical performances to the churches which he attends. He assisted at religious services regularly on Friday nights, Saturday mornings, and once a month on Sundays. Petitioner claims to have given sound equipment to My Father's Son, including two speakers, an amplifier, a mixer, condensers, and microphones, purchased *174 by petitioner. He also bought a 1977 Dodge van for $ 2,000, which is titled in petitioner's name but used by My Father's Son. Petitioner stores the equipment which he uses for My Father's Son in his garage and transports it to services in the van. Petitioner deducted $ 550 in transportation expenses as part of his contribution. My Father's Son was not listed for 1987 as a tax-exempt organization in Internal Revenue Service Publication 78, "Cumulative List of Organizations", listing domestic exempt organizations described in section 170(c). My Father's Son is not formally organized. In petitioner's words: "I didn't really intend to form it. It just kind of formed on its own." Petitioner filed his Federal income tax return for tax year 1987 on April 30, 1990. Respondent determined that petitioner is not entitled to deduct $ 5,000 as a charitable contribution because My Father's Son is not a qualified charitable organization. Petitioner's position is that he is entitled to the deduction because he actually performed services for a religious purpose. Section 170(c)(2) provides, in relevant part, that to qualify as a charitable contribution a gift must be made to or for the use *175 of a corporation, trust, or community chest, fund, or foundation which has the following attributes: (1) It was created or organized in the United States or any possession thereof; (2) it was organized and operated exclusively for charitable purposes; (3) no part of the net earnings inures to the benefit of any private shareholder or individual; and (4) it does not attempt to influence legislation or participate in political campaigns. In addition, to be treated as an organization described in section 501(c)(3), i.e., a charitable organization to which contributions are deductible, an organization must apply for recognition of its exempt status and give notice to the Secretary of its application as required by section 508(a), unless excepted by section 508(c). Since we find that My Father's Son does not fulfill these formal requirements, we do not address the questions of its additional legal defects which were raised by respondent. However praiseworthy petitioner's activities may be, he carried them on solely in his individual capacity. The name of his organization expresses the fact that it is none other than himself. My Father's Son is not a corporation, trust, community chest, *176 fund, or foundation. It is not formally organized. The Code makes no provisions for the deduction of contributions to the religious undertaking of an individual as a personal venture where there is no form of organization which conforms to the requirements of the statute. Hewitt v. Commissioner, T.C. Memo. 1957-112; see also Trippe v. Commissioner, a Memorandum Opinion of this Court dated July 25, 1950. By the same token, the record contains no indication of petitioner's efforts to apply for recognition of exempt status for My Father's Son, as generally required by section 508(a) and accompanying regulations. We find that My Father's Son is not an exempt organization. Therefore, we hold that petitioner's claimed contributions are not deductible for Federal income tax purposes. Petitioner did establish to the satisfaction of the Court that he had incurred transportation expenses in the course of contributing services to his churches. Section 1.170A-1(g), Income Tax Regs., provides that, while no deduction is allowable for a contribution of services, unreimbursed expenditures made incident to the rendition of services to an exempt organization *177 may constitute a deductible contribution, citing as an example out-of-pocket transportation expenses. Petitioner presented a log of his mileage showing 2,447 miles driven to religious services, a total of 58 roundtrips. While these expenditures were based on a reconstruction, we do not find them unreasonable. The standard mileage rate for charitable contributions for 1987 was 12 cents per mile. Rev. Proc. 85-49, 1985-2 C.B. 716. He is not entitled to deduct registration fees for the van, as the standard mileage rate is allowed in lieu of actual expenses. Petitioner is entitled to a charitable deduction of $ 293.64. Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1987. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner's income tax return for 1987 was due to be filed on or before April 15, 1988. It was *178 filed on April 30, 1990. Petitioner has presented no legal justification for filing late. Therefore, respondent is sustained as to the addition to tax under section 6651(a)(1). Decision will be entered under Rule 155.